PATRICK DUFFY, APPELLANT, *v.*
A. E. FLYNN, RESPONDENT.

No. 3834

November 1, 1956.                    302 P.2d 967.

(Petition for rehearing denied December 19, 1956.)

*Foley Brothers,* of Las Vegas, for Appellant.

*Morse, Graves & Compton,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, J.:

Appellant Duffy, as plaintiff below, has appealed to this court from a judgment in favor of defendant pursuant to verdict of a jury. Plaintiff's action was for damages for personal injuries under what is known as the guest passenger statute of the State of Nevada, being sec. 4439, N.C.L., 1931–41 Supp. The jury drew its own form of verdict which was as follows: "Verdict. We, the jury, after mature consideration of the evidence presented, find that the plaintiff Patrick Duffy is not entitled to recover damages from the defendant, A. E. Flynn, by reason of contributory negligence." While several errors are assigned, the appeal is subject to determination upon the single question as to whether the verdict finds any support in the evidence. To this end an examination of the facts must be had, concerning which there is no material dispute. Duffy, Flynn and one Ernest Rawlins had all come off night shift at 11:00 A.M., February 27, 1952, having worked that day from 3:00 A.M. Duffy met Flynn and Rawlins in Las Vegas, and Flynn invited him to go for a ride with them in Flynn's car. He accepted, they had one or two drinks, then drove some twelve miles to Pittman, stopped

there for about 45 minutes and had one or two more drinks there, after which they again entered the car and drove to Lake Mead Lodge, arriving about two o'clock. Such part of the trip was accomplished without incident. Defendant Flynn did the driving, apparently with care and skill and without any recklessness or carelessness subjecting him to criticism of any kind. At Lake Mead Lodge Flynn and Rawlins left the car and invited plaintiff to join them "for a drink." Plaintiff declined and went to sleep in the car. Defendant and Rawlins entered the lodge and started drinking. How many drinks they had does not appear, but they were drinking straight shots of whiskey and did not emerge from the lodge till about 4:30 or 4:45 P.M. Plaintiff was still asleep in the car. He was not awakened and apparently Flynn drove a short distance to the boat docks at Lake Mead, which consumed some twenty minutes. From there to the scene of the accident, which occurred about five o'clock, Flynn's driving revealed his extreme case of intoxication. The car was weaving about the road and at one point went completely off the road but without mishap and returned to the road. Thereafter on a straight strip of highway Flynn drove off a steep incline, travelled a distance of about 250 feet, whereupon the car jumped a ditch some four feet wide and finally came to rest. During all this time Duffy was asleep in the back seat until he was awakened by being jolted to the floor of the car. Flynn, after emerging from the car, staggered, reeled and weaved when he walked, mumbled and was thick-tongued, and his breath smelt strongly of alcohol.

Defendant concedes that the jury's verdict implied a determination that he was intoxicated at the time of the accident, but insists that its finding of plaintiff's contributory negligence is supported by Duffy's negligent behavior in going to sleep in the car. This theory first appears in defendant's answer as follows: "That plaintiff was guilty of negligence which was a contributing cause of the accident and plaintiff's injuries, if any, in that

at the time of said accident as aforesaid plaintiff, while being a guest passenger in said motor vehicle was asleep in the rear seat of said vehicle, thereby failing to keep a proper and necessary lookout for his own safety." In his answering brief, this defense is expressed by the recital of Duffy's knowledge of one or two drinks first had at Las Vegas, the drive to Pittman following such drinks, then one or two drinks had at Pittman, followed by the drive to Lake Mead Lodge, and the expressed intention of Flynn and Rawlins to go into the lodge and have "a drink."

Respondent concedes that appellant's going to sleep would not of itself constitute contributory negligence "under circumstances that were such that there was no anticipation of danger." He insists, however, "that plaintiff had reason to anticipate danger—that defendant might become intoxicated as a result of his indulgences, his own past and immediately anticipated consumption of intoxicants." We are entirely unimpressed by this argument. The reasonably prudent man, in the absence of telepathic powers not ordinarily possessed by mankind, could hardly be expected to anticipate at the time of his going to sleep that the defendant, a man with whom he had ridden before without his committing any act evoking criticism, who had up to then driven with due care, who was not then intoxicated, having expressed an intention to have a drink, would spend upwards of two hours in drinking, would become thoroughly intoxicated, would then proceed to drive his car in violation of law and, without bothering to awaken plaintiff, would take him along without his consent or ability to protest.

The jury verdict of contributory negligence is, then, wholly without factual support. The trial court was in error in denying motion for new trial.

Reversed and remanded for new trial.

MERRILL, C. J., and EATHER, J., concur.